UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH MCKAY, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) No. 4:23-cv-01384-SEP |
| | ) |
| RBM PARTNERS LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

    Before the Court are Defendants' Motion to Set Aside Entry of Default, Doc. [16], and Motion to Dismiss, Doc. [24]. For the reasons set forth below, the motions are granted.

**FACTS AND BACKGROUND**

    Pro se Plaintiff Keith McKay is a tenant at Chez Paree Apartments in Hazelwood, Missouri. Based on the Complaint, Plaintiff is unhappy with the condition of his residence. *See* Doc. [1] at 5. He brought this suit against RBM Partners LLC—a company he alleges does business as Chez Paree—and two RBM employees, Jason Hams and Sinetria Staples. *Id*. at 2; Doc. [1-1] at 1. In the "Statement of Claim" section of the Complaint, Plaintiff alleges that Defendants "failed to comply with applicable federal, state, and local laws regarding securities, safety, sanitation, and fair housing, and has failed to honor securities instructions and make required repairs per the local code." Doc. [1] at 5. As a basis for federal jurisdiction, Plaintiff claims Defendants violated: (1) The Securities Act of 1933; (2) The Housing and Urban and Development Act; (3) 12 U.S.C. § 24; (4) 31 U.S.C. § 5118; (5) 12 U.S.C. § 83; (6) Federal Reserve Act Section 29; (7) 12 U.S.C. § 93; and (8) 18 U.S.C. § 657. *Id*. at 3.

**DISCUSSION**

    "Crucial to the proper functioning of our federal system is the longstanding maxim that '[f]ederal courts are courts of limited jurisdiction.'" *Crain v. Crain*, 72 F.4th 269 (8th Cir. 2023) (alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Subject-matter jurisdiction is a threshold requirement that must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th

Cir. 1990). "Subject-matter jurisdiction can never be waived or forfeited." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022) (quoting *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021). "The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction." *Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021).

Plaintiff invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331. *See* Doc. [1] at 3. Section 1331 gives district courts "original jurisdiction over 'civil actions arising under the Constitution, laws, or treaties of the United States.'" *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) (quoting 28 U.S.C. § 1331). "[W]hether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). "The well-pleaded complaint rule 'provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint.'" *Id*. (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id*. (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

The Complaint does not establish federal question jurisdiction. Plaintiff lists a handful of unrelated federal statutes, none of which provides a basis for his claims. First, Plaintiff claims that Defendants' conduct violated the Securities Act of 1933. The Securities Act of 1933 regulates securities, which the Supreme Court has interpreted broadly to include "virtually any instrument that might be sold as an investment." *S.E.C. v. Edwards*, 540 U.S. 389, 393 (2004) (quoting *Reves v. Ernst & Young*, 494 U.S. 56, 61 (1990)). The "security" referred to in the Complaint appears to be Plaintiff's residential lease. *See* Docs. [7], [7-1]. Plaintiff has not pled sufficient facts to establish that his residential lease is a security within the meaning of the Securities Act of 1933. *See Edwards*, 540 U.S. at 393. Therefore, that law does not provide a federal basis for his claims.

Plaintiff lists several other unrelated federal statutes that do not apply to his claims: (1) 12 U.S.C. § 24 deals with the corporate powers of national banking associations. (2) 12 U.S.C. §§ 83, 93 address limits on the powers of national banks. (3) 31 U.S.C. § 5118 discusses

the United States' use of gold coins. (4) Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, sets out the penalties banks face for violating that law. And (5) 18 U.S.C. § 657 prohibits lending, credit, and insurance institutions from embezzling, abstracting, purloining, or willfully misapplying funds. None of those statutes provides a basis for jurisdiction.

Last, Plaintiff invokes the "Housing and Urban Development Act." Doc. [1] at 3. Plaintiff's general citation to that law is insufficient to establish jurisdiction. If Defendants' conduct in some way violated the HUD Act, the issue is not "presented on the face of a plaintiff's properly pleaded complaint." *Great Lakes Gas*, 843 F.3d at 329.

Nothing in Plaintiff's Amended Complaint indicates that the Court has jurisdiction over this matter. And Plaintiff's response in opposition to the Motion to Dismiss does not address Defendants' subject matter jurisdiction arguments. This case does not arise under the Constitution, laws, or treaties of the United States, so the Court cannot exercise federal question jurisdiction under 28 U.S.C. § 1331.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [24], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Set Aside Entry of Default, Doc. [16], is **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [22], and Motion for Summary Judgment, Doc. [27], are **DENIED as moot**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of June, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE